IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| KYRA EIGENBERGER and DANIELLE TUCK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOKYO STATESBORO GA, LLC and LING LIN,<br><br>Defendants. | Civil Action File No.:<br><br>CV617-160 |

## COMPLAINT

COME NOW Plaintiffs, Kyra Eigenberger ("Eigenberger") and Danielle Tuck (Tuck")(collectively referred to herein as "Plaintiffs"), by and through their undersigned counsel, and file this Complaint against Tokyo Statesboro Ga, LLC (d/b/a Tokyo Japanese Restaurant)("TSG"), on behalf of themselves and all others similarly situated, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 201, *et seq.*), as amended (hereinafter "FLSA" or "the Act"), and in support thereof would further state as follows:

### I.   Introduction

1. The instant action arises from Defendants' violations of Plaintiffs' rights under the FLSA, including, but not limited to, the collective action provision of the Act found at Section 216(b) to remedy violations of the overtime provisions of the

FLSA by Defendants which have deprived Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful regular and overtime wages.

2. Other current and former employees of Defendants are also entitled to receive regular and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiffs are permitted to maintain this action for and on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide his or her consent in writing to become such a party and such consent must be filed with this Court. *Id.*

3. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiffs and all current and former employees of TSG who are similarly situated to the Plaintiffs pursuant to the FLSA. The Plaintiffs and the collective group of similarly situated employees are or have worked as waiters or waitresses for TSG.

4. For at least three years prior to the filing of this Complaint, Defendants have willfully committed widespread violations of the FLSA by failing to compensate non-exempt employees at proper regular and overtime rates.

5. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## II.   Jurisdiction and Venue

6.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.   Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b)-(c) because a substantial portion of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant TSG maintains its principal places of business within this District.

## III.   Parties

8.   Plaintiff KYRA EIGENBERGER resides in Boone, North Carolina and is a citizen of the United States. Eigenberger was employed by Defendant TSG in Statesboro, Georgia (within this District) as a waitress.

9.   Plaintiff DANIELLE TUCK resides in Statesboro, Georgia and is a citizen of the United States. Tuck was employed by Defendant TSG in Statesboro, Georgia (within this District) as a waitress.

10.   Defendant TOKYO STATESBORO GA, LLC (d/b/a Tokyo Japanese Restaurant)("TSG") is a corporation based in Georgia which conducts business within this State and District and maintains its principal place of business at 100 Brampton Avenue, Suite A, Statesboro, Georgia 30458. TSG owns and operates a restaurant. TSG is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated agent Ling Lin at

100 Brampton Avenue, Suite A, Statesboro, Georgia 30458. TSG was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant LING LIN is an individual conducting business within the State of Georgia. Lin is the owner and organizer of TSG. Lin maintains control, oversight and direction of the operations of TSG's waiters and waitresses, including the employment practices and payment relating to those operations, and regularly conducts business within the jurisdiction of this Court. Lin is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at her place of business located at 100 Brampton Avenue, Suite A, Statesboro, Georgia 30458. Lin was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Upon information and belief, at all times material to this action, Defendants were engaged in commerce as defined by Section 203(s)(1)(A) of the FLSA, had an annual gross volume of business which exceeded $500,000, and were engaged in interstate commerce.

13. At all times during Plaintiffs' employment with TSG, the named Plaintiffs and all members of the collective action were "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit.

These same individuals are further covered by Sections 206 and 207 of the FLSA for the period in which they were employed by Defendants.

14. The overtime provisions set forth in Section 207 of the FLSA apply to Defendants.

### IV. FLSA Violations

15. During the period of time material to this action, Defendants employed Plaintiffs and other similarly-situated employees as waiters and waitresses. TSG employs at least 8-10 full-time waiters or waitresses in the Statesboro, Georgia area.

16. Plaintiffs and other similarly-situated employees were responsible for providing food to customers in Statesboro, Georgia.

17. Plaintiffs and other similarly-situated employees are not being, and have not been, properly compensated for time spent waiting for customers on behalf of TSG.

18. Improper deductions from Plaintiffs' paychecks were regularly taken by TSG. Specifically, Plaintiffs were (and other waiters and waitresses were and are) required to sign-over checks made out to her directly back to Ms. Lin on a regular basis.

19. Plaintiff Eigenberger previously inquired as to these deductions, but was not provided with a response.

20. Pursuant to the FLSA, tips are the sole property of the waiter or waitress who earned them. Upon information and belief, TSG took improper deductions from Plaintiffs' tips.

21. Under federal and state law, waiters and waitresses at TSG were required to be paid no less than the required cash wage of $2.13 per hour directly from TSG for every hour of regular time worked at TSG, regardless of the amount of tips earned. Instead, Plaintiffs' compensation was limited to tips received while working as waitresses for TSG.

22. Under federal and state law, waiters and waitresses at TSG were entitled to be paid no less than $5.77 per hour directly from TSG (the overtime minimum wage, $10.875, minus $5.12, the maximum tip-deduction) for every hour worked at TSG over forty during any workweek.

23. TSG failed to properly calculate the minimum wage tip-deduction from the federal and state minimum wage for each regular and overtime hour paid to its waiters and waitresses.

24. Plaintiffs' position as waitresses fails to qualify for an exemption to overtime under the Fair Labor Standards Act.

25. During the statutory period, Plaintiffs and the similarly situated employees routinely worked as waiters or waitresses for Defendants in excess of forty (40) hours per week without overtime compensation.

26. These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, specifically Section 207(a)(1). As a result of these unlawful practices, Plaintiffs and the similarly-situated employees suffered a loss of wages.

27. Upon information and belief, Plaintiff Eigenberger is entitled to no less than twenty-five thousand dollars ($25,672.50) in unpaid regular and overtime compensation from Defendants.

28. Upon information and belief, Plaintiff Tuck is also entitled to no less than twenty-five thousand dollars ($25,672.50) in unpaid regular and overtime compensation from Defendants.

29. Lin is listed as TSG's "organizer" and "manager" with the Georgia Secretary of State, with a business address of 100 Brampton Avenue, Suite A, Statesboro, Georgia 30458.

## V. Scope of Defendants' Liability

30. There are numerous similarly situated current and former employees of TSG who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court-supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all current and former employees of Defendants

and all affiliated entities in Georgia and other states should be notified, who, at any time during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of a Court-supervised notice, were employed as waiters or waitresses by TSG.

### VI. COUNT ONE-Violation of the Fair Labor Standards Act

31. Plaintiffs hereby repeat and incorporate by reference paragraphs 1-27 herein.

32. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

33. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to pay overtime compensation to current and former employees, including Plaintiffs and other similarly situated employees, in accordance with Section 207 of the FLSA.

34. As a result of Defendants' violations of the FLSA, Plaintiffs, as well as other similarly situated employees, have suffered damages by failing to receive overtime wages in accordance with Section 207 of the FLSA.

35. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and other similarly situated current and former employees.

36. As a result of the unlawful acts of Defendants, Plaintiffs and all current and former employees similarly situated have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

## VII. Prayer For Relief

WHEREFORE, the named Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to Section 216(b) of the FLSA, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendants or any affiliated companies as waiters or waitresses within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not properly paid by Defendants at any time during the preceding three years.

B. That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages.

C.  That all Plaintiffs be awarded prejudgment interest;

D.  That all Plaintiffs be awarded reasonable attorneys' fees pursuant to the FLSA, as well as O.C.G.A. §§ 13-6-11 and 9-15-14 to the extent applicable;

E.  That all Plaintiffs be awarded the costs and expenses of this action; and

F.  That all Plaintiffs be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.[1]

Respectfully submitted this 15th day of December, 2017.

Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-994-3128
tyler@kaspersfirm.com

Counsel for Plaintiffs

---

[1] Plaintiffs have attached hereto a Civil Action Cover Sheet as "Exhibit 1" and Summonses for the two defendants as "Exhibits 2 and 3."