UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KYRA EIGENBERGER and )
DANIELLE TUCK, on behalf of )
themselves and all other similarly )
situated, )
)
    Plaintiff, )
)
v. ) CV617-160
)
TOKYO STATESBORO GA, LLC )
and LING LIN, )
)
    Defendant. )

# ORDER

Plaintiffs seek to file under seal the parties' settlement agreement, for the Court's approval, in this Fair Labor Standards Act (FLSA) litigation. Doc. 13; *see Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) ("[A]n employer undertakes the private resolution of an FLSA dispute at his peril. If the employer pays the employee in full, including all wages owed and liquidated damages, the employee retains no uncompensated FLSA claim and the peril dissipates. However, if the employer extracts a compromise, the release of an FLSA claim approved by neither the Department of Labor nor the district court remains unenforceable." (footnote omitted)). They do not,

however, offer any explanation for *why* it must be filed under seal, rather than as a publicly available document. *Id.*

The common-law right of access "establish[es] a general presumption that criminal and civil actions should be conducted publicly" and "includes the right to inspect and copy public records and documents." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). It is "an essential component of our system of justice" and "is instrumental in securing the integrity of the process." *Id.* As set forth by our sister court,

> [T]he presumption is surely most strong when the "right" at issue is of a "private-public character," as the Supreme Court has described employee rights under the FLSA. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945). This public character is based on "an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce. To accomplish this purpose standards of minimum wages and maximum hours were provided." *Id.* at 706-07 (footnotes omitted). Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger "the national health and well-being." *Id.*

> The document at issue here, a settlement agreement entered as a stipulated judgment, is not only dispositive of the adjudication and thus falls on the end of the continuum for which the presumption is stronger, *see Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002) (acknowledging a "strong presumption" in favor of openness for a settlement agreement approved by a district court and entered into the court record), it is an FLSA wage-settlement agreement between an employee and an employer for the which the presumption is strongest.
>
> A court faced with a request to seal judicial documents should weigh the interests protected by the presumption of openness, namely judicial transparency (especially in FLSA cases) and the first-amendment values of freedom of speech and of the press, against the parties' interest in secrecy. *Jessup*, 277 F.3d at 928. In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *id.*, or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. The settlement at issue here does not involve trade secrets, informants, children, or scandalous or libelous information. A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness in the circumstances presented in this case.

*Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003). In other words, the Court needs far more than the parties' agreement that the settlement agreement should be sealed. *Id.*; *see also Jackson v. Deen*, 2013 WL 1911445 at *1 n. 6 (S.D. Ga. May 8, 2013) (quotes and cite omitted) ("The consent of the parties" alone "is not a valid basis to justify sealing, as the rights involved are the rights of the public.").

Plaintiffs' motion to file the settlement agreement under seal is

3

thus **DENIED** without prejudice. Doc. 13. If the parties do not refile a motion to file the settlement agreement under seal within 7 days of service of this Order, the Court will conclude that they do not dispute that it will be filed, unsealed, and will proceed to consider approval of the settlement agreement on its merits, *see* doc. 12.

**SO ORDERED,** this  3rd  day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA